Michael D. Zoldan – 028128
**SHIELDS PETITTI & ZOLDAN, PLC**
5090 N. 40th Street, Suite 207
Phoenix, Arizona 85018
Telephone: (602) 718-3330
Facsimile: (602) 675-2356
E-Mail: mdz@shieldspetitti.com
E-Mail: docket@shieldspetitti.com

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Jennifer Molina,<br><br>        Plaintiff,<br><br>    v.<br><br>Nexa Mortgage, LLC, an Arizona limited liability company; Michael Kortas, an individual,<br><br>        Defendants. | No.<br><br>**COMPLAINT** |

Plaintiff Jennifer Molina ("Molina" or "Plaintiff"), by and through undersigned counsel, for her Complaint against Defendants Nexa Mortgage, LLC and Michael Kortas (collectively "Defendants"), alleges as follows.

## NATURE OF THE CASE

1. Plaintiff brings this action against Defendants for their unlawful failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "FLSA") and their unlawful failure to pay minimum wage in violation of A.R.S. §§ 23-362 - 23-364 ("Arizona Minimum Wage Statute").

1412883.1

2. This action is also brought to recover overtime compensation, liquidated or double damages, and statutory penalties resulting from Defendants' violations of the FLSA and Arizona's Minimum Wage Statute.

## PARTIES

3. At all relevant times to the matters alleged herein, Plaintiff Molina resided in Maricopa County, Arizona.

4. At all relevant times to the matters alleged herein, Plaintiff Molina was a full-time employee of Defendants.

5. At all relevant times to the matters alleged herein, Plaintiff Molina was an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

6. At all relevant times to the matters alleged herein, Plaintiff Molina was a non-exempt employee.

7. Defendant Nexa Mortgage, LLC ("Nexa") is a company authorized to do business in Arizona. Nexa Mortgage is an Arizona domestic limited liability company with its principal place of business in Arizona.

8. Defendant Nexa was Plaintiff's employer as defined by 29 U.S.C. § 203(d).

9. Defendant Michael Kortas is, upon information and belief, an Arizona resident.

10. Defendant Michael Kortas directly caused events to take place, giving rise to this action.

11. Defendant Michael Kortas is an owner of Nexa.

1412883.1

12. Defendant Michael Kortas is an employer of Nexa.

13. Defendant Michael Kortas is a member of Nexa.

14. Defendant Michael Kortas is a manager of Nexa.

15. Defendant Michael Kortas has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

16. Defendant Michael Kortas supervised and controlled Plaintiff's work schedules or the conditions of Plaintiff's employment.

17. Defendant Michael Kortas instructed Plaintiff on her job duties and determined the rate and method of Plaintiff's payment of wages.

18. Defendant Michael Kortas structured Plaintiff's compensation in such a manner that she was compensated entirely on commissions.

19. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant Michael Kortas is subject to individual and personal liability under the FLSA.

20. Defendants, and each of them, are sued in both their individual and corporate capacities.

21. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

22. Upon reasonable belief, Plaintiff, in her work for Defendants, was employed by an enterprise engaged in commerce that has or will have annual gross sales of at least $500,000

1412883.1

in 2025, 2024, 2023, 2022, 2021, and 2020.

23. At all relevant times, Plaintiff, in her work for Defendants, was engaged in commerce or the production of goods for commerce.

24. At all relevant times, Plaintiff, in her work for Defendants, was engaged in interstate commerce.

25. Plaintiff, in her work for Defendants, regularly handled goods produced and transported in interstate commerce.

26. Plaintiff used email, text, and phone to communicate with Defendants.

27. Plaintiff is a covered employee under individual coverage.

28. Plaintiff is a covered employee under enterprise coverage.

## JURISDICTION AND VENUE

29. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiff's state law claim under 28 U.S.C. § 1367.

30. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona.

## FACTUAL ALLEGATIONS

31. The entity Defendant is a mortgage company.

32. From approximately April 2022 until October 31, 2023, Plaintiff was employed

1412883.1

by Nexa as a co-Director for Loan Officer Support.

33. In this role, Plaintiff's job responsibilities included managing a team of loan officers that Nexa referred to as "coaches".

34. In every role Plaintiff worked for Defendants, Plaintiff was a nonexempt employee but was misclassified by Defendants.

35. As a co-Director for Loan Officer Support, Molina's compensation was entirely commission-based.

36. She was paid "commission overrides" based on the closed loans sold by the "coach" loan officers in her department.

37. When a coach/loan officer on Molina's team sold a loan, Molina's commission compensation was generated as a percentage of the loan sold.

38. At all relevant times during Plaintiff's employment, Defendant did not pay Plaintiff on a salary basis.

39. Plaintiff was compensated solely by commissions, with no guaranteed weekly salary.

40. Plaintiff never received a guaranteed weekly salary of at least $684 in any workweek, nor any other guaranteed salary meeting the requirements of the FLSA.

41. Molina was not engaged in outside sales during her employment with Nexa.

42. Molina's primary duties included the oversight of a Nexa sales department.

43. Molina routinely worked more than 40 hours per week.

1412883.1

44. As a co-Director for Loan Officer Support, Molina worked approximately 60 hours a week.

45. Plaintiff was not provided with the required one-and-a-half times pay premium as required by the FLSA for the overtime hours she worked.

46. For example, during the workweek of August 6, 2023, Plaintiff conservatively worked an estimated 70 hours and did not receive overtime pay.

47. At all relevant times during Plaintiff's employment, Defendants failed to compensate Plaintiff for all her overtime hours properly.

48. Defendants were aware that Plaintiff's working hours routinely exceeded 40 hours.

49. Defendants required Plaintiff to work overtime as a condition of her employment.

50. Defendants wrongfully withheld wages from Plaintiff by failing to pay all wages due for overtime hours Plaintiff worked.

51. Defendants refused and/or failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

52. Upon information and belief, Defendants failed to post and keep posted in a conspicuous place the required poster/notice explaining their employee rights under the FLSA under 29 C.F.R. § 516.4.

53. Upon information and belief, Defendants have not kept proper records in violation of 29 C.F.R. § 516.2.

1412883.1

54. Defendants' failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA were willful.

## COUNT I
### (FAILURE TO PAY OVERTIME WAGES – FLSA – 29 U.S.C. § 207)

55. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

56. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

57. Plaintiff is an employee entitled to the statutorily mandated overtime wages.

58. Defendants have intentionally failed and/or refused to pay Plaintiff's overtime wages according to the provisions of the FLSA.

59. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with 29 U.S.C. § 207.

60. In addition to the amount of unpaid overtime wages owed to Plaintiff, she is entitled to recover an additional equal amount as liquidated damages under 29 U.S.C. § 216(b).

61. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

62. Defendants knew Plaintiff was not being compensated overtime for time worked more than 40 hours in a given workweek and failed to pay proper overtime wages.

63. Defendants knew their failure to pay overtime wages was a violation of the FLSA.

64. Defendants have not made a good faith effort to comply with the FLSA.

1412883.1

65. Plaintiff is also entitled to an award of attorneys' fees, costs, and other statutory damages pursuant to 29 U.S.C. § 216(b).

## COUNT II
## (FAILURE TO PAY MINIMUM WAGE – ARIZONA MINIMUM WAGE STATUTE)

66. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

67. At all relevant times, Plaintiff was employed by Defendants within the meaning of the Arizona Minimum Wage Statute.

68. From September 1, 2021 to October 31, 2023, Plaintiff's weekly compensation often fell below the applicable minimum wage under Arizona's minimum wage statute.

69. Defendants intentionally failed and/or refused to pay Plaintiff full minimum wages according to the provisions of the Arizona Minimum Wage Statute.

70. In addition to the amount of unpaid minimum wage owed to Plaintiff, she is entitled to recover an additional amount equal to twice the underpaid wages and interest pursuant to A.R.S. § 23-364(g).

71. Plaintiff is also entitled to an award of attorneys' fees and costs pursuant to A.R.S. § 23-364(g).

## JURY DEMAND

Plaintiff demands a jury trial.

1412883.1

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays:

    A.    For the Court to declare and find that the Defendants committed the following acts:

        i.    violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

        ii.    willfully violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

        iii.    violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

        iv.    willfully violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

    B.    For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

    C.    For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

    D.    For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

    E.    For the Court to award Plaintiff's reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), and all other causes of action set forth herein;

1412883.1

F.  Any other remedies or judgments deemed just and equitable by this Court.

DATED this 25th day of August, 2025.

                SHIELDS PETITTI & ZOLDAN, PLC

                By /s/ Michael Zoldan
                    Michael Zoldan
                    5090 N. 40th Street, Suite 207
                    Phoenix, AZ 85018
                    *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 25, 2025, I electronically transmitted the foregoing document to the United States District Court, District of Arizona, Court Clerk, using the CM/ECF System. All counsel of record are registrants and are therefore served via this filing and transmittal.

                                              /s/ Sarah Arbizo

1412883.1